### 21662. COWART & SON *v.* TALIAFERRO.

STEPHENS, J. 1. Where an objection to evidence offered has been sustained and the evidence excluded, and an exception to its exclusion, made by the party who offered the evidence, recites the evidence and the objection which was urged to its admission, and that the objection was sustained and the evidence excluded, and states that the order of the court sustaining the objection and rejecting the evidence was error, although it is not alleged that the evidence offered was relevant and material to the issue, the exception is sufficiently specific as an assignment of error where the rejected evidence was patently relevant and material in that it was the contract sued on and therefore the basis of the plaintiff's claim. Where in a bill of exceptions brought by the plaintiff the judgment rendered for the defendant was excepted to as not being a legal termination of the case, because the court erred in rejecting evidence offered by the plaintiff, where the exception to the rejection of the evidence was as above indicated, the bill of exceptions contained a sufficiently specific assignment of error upon a final judgment. The motion to dismiss the bill of exceptions is overruled.

2. An act approved July 15, 1924 (Ga. L. 1924, p. 125), which provides

that "a mortgage given to secure advances for the purpose of making and gathering crops shall embrace and cover crops before the same are planted or growing of such mortgagor, when it is so stipulated therein, within the limit of the calendar year such crops may be planted," does not provide that a mortgage made on crops before they are planted and growing must be actually executed within the calendar year within which the crops are planted or growing, but the mortgage must be one securing advances for the purpose of making and gathering the crops only where such advances are made during the calendar year within which the crops may be planted.

3. A mortgage executed December 20, 1929, on crops to be grown during the year 1930 upon described lands, and made to secure the payment of advances for the purpose of making the crops, is not invalid because it was not executed within the calendar year 1930, during which the crops were to be grown. Although a mortgage of this description, executed on December 20, 1929, may recite that it is given to secure the payment of advances furnished for the purpose of making the crops "of the present year on the land occupied and farmed by me during the year 1930," the mortgage, when construed according to the manifest intent of the parties, must be construed as a mortgage securing advancements for the making of the crop during the year 1930, and not for advancements for crops to be made only during the remaining eleven days of the year 1929.

4. Upon the issue formed by the affidavit of illegality to the foreclosure of the mortgage in this case, the court erred in holding the mortgage invalid, and in excluding it from evidence, and in thereafter rendering judgment for the defendant.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

Decided March 1, 1932. Rehearing denied March 5, 1932.

*J. M. Cowart, Lowrey Stone,* for plaintiffs.
*A. H. Gray, W. I. Geer,* for defendant.